# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARLOS D. HOPE**,

    Petitioner,

    v.                                              Case No. 04-C-761

**GARY R. McCAUGHTRY,**

    Respondent.

## ORDER ON THE PETITIONER'S MOTIONS FOR RELIEF

    On July 8, 2005, the petitioner filed a "Motion for Relief Pursuant to Concealment of a Person Entitled to Writ." This motion was handwritten and was not able to be electronically scanned by the clerk of court. A docket annotation to that effect was made. Hope misunderstood the annotation to mean that his motion was not received. Accordingly, on August 2, 2005, Hope filed a second "Motion for Relief Pursuant to Concealment of a Person Entitled to Writ" that is typed and otherwise nearly identical to his first motion.

    In both motions, Hope asks the court to order his transfer from Red Granite Correctional Institution, where he is currently being detained, to Waupun Correctional Institution. In addition, Hopes seeks damages for various expenses that he has incurred while residing at the Red Granite facility, as well as compensatory and punitive damages from the respondent. As grounds, Hope says that he is entitled to relief pursuant to Wisconsin Statute § 782.39, which governs the confinement of prisoners that have been deemed entitled to a writ of habeas corpus.

That is not the case here. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of all habeas corpus petitions. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Hope's petition survived the preliminary screening required by Rule 4. However, that does not mean that Hope's petition for habeas corpus relief will be granted. That determination has yet to be made by this court. The Wisconsin statute Hope cites is not binding on this court, nor applicable in this federal case.

Habeas corpus petitions allow prisoners to challenge **only** their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices. Moran v. Sondalle, 218 F.3d 647, 350-51 (7th Cir. 2000). Challenges regarding any other matter, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must employ 42 U.S.C. § 1983 or another statute authorizing damages or injunctions. Id. Accordingly, the court will deny both of Hope's motions.

**IT IS THEREFORE ORDERED** that both of Hope's motions entitled "Motion for Relief Pursuant to Concealment or a Person Entitled to a Writ" are **denied.**

Dated at Milwaukee, Wisconsin this 13th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge